39 F.3d 1186
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward C. BOLLINGER, Petitioner-Appellant,
v.
Manfred F. MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 94-35356.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoner Edward C. Bollinger appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his conviction of first degree sodomy. Bollinger contends that his conviction violated his due process rights because the state court entered a judgment on stipulated facts and failed to advise Bollinger of the legal consequences of the stipulation. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 A conviction based on stipulated facts is valid only if the defendant knowingly and voluntarily agreed to the stipulation. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). Unlike a situation involving a guilty plea, there is no requirement that there be a knowing and voluntary waiver of his constitutional rights pursuant to Boykin v. Alabama, 395 U.S. 238, 243 (1969). Id. at 839.
 
 
 4
 1. Bollinger knowingly agreed to the stipulated facts trial
 
 
 5
 An agreement to a stipulated facts trial is knowingly made "if the defendant understands the contents of the stipulation, the nature of the stipulated-facts trial, and the likelihood of a guilty finding." Id. at 844. A state court's finding on this issue is entitled to a presumption of correctness. 28 U.S.C. Sec. 2254(d); Adams, 968 F.2d at 844. Thus, "the burden is on the petitioner to establish by convincing evidence that the factual determination of the state court was erroneous." Brooks v. Kincheloe, 848 F.2d 940, 943-44 (9th Cir.1988).
 
 
 6
 Before proceeding with Bollinger's trial, the state court specifically found that he understood the nature of the stipulated facts trial, the contents of the stipulation, and the likelihood of a guilty finding. The state court judge presiding over Bollinger's post-conviction relief hearing also found that Bollinger made a knowing decision to proceed with a stipulated facts trial pursuant to Adams, 968 F.2d at 843.
 
 
 7
 Bollinger claims that the trial court erred in finding that he understood the nature of his stipulated trial. First, Bollinger presented testimony from his post-conviction relief deposition and from his friend, Roger Stolley that Bollinger expected: (a) the complaining witness to be available for cross-examination; (b) that Bollinger would be able to testify on his own behalf; and (c) that the waiver of jury trial that he signed would explain the nature of a stipulated trial. This claim is meritless because the trial court in a stipulated facts trial does not have to advise a defendant of his right to confront his accusers, his right to testify, nor his right to a jury trial. See Adams, 968 F.2d at 839.
 
 
 8
 Second, Bollinger claims that his "psychological make-up" caused him to silently submit to the proceedings despite his failure to understand the nature of the stipulated trial proceedings, and that his attorney failed to adequately inform him of the consequences of the proceedings. These claims are not supported by the record, and are therefore meritless. The record indicates that when the court asked Bollinger whether he knew what constituted a stipulated trial, Bollinger told the court that his attorney had, albeit briefly, explained the nature of a stipulated facts trial. The court then proceeded to inform Bollinger that:
 
 
 9
 the District Attorney will read into the record what certain witnesses would say if they were called, and its almost certain that after hearing this representation and your attorney stipulating to it for you, that I'm going to find you guilty of the charge.
 
 
 10
 (C.R. 13 p. 2).
 
 
 11
 When asked whether he understood what the court had just explained, Bollinger responded in the affirmative.
 
 
 12
 Thus, Bollinger fails to establish by convincing evidence that the state courts erred in determining that he knowingly agreed to proceed with a stipulated facts trial. See 28 U.S.C. Sec. 2253; Adams, 968 F.2d at 844; Brooks, 848 F.2d at 944.
 
 
 13
 2. Bollinger voluntarily agreed to the stipulated facts trial
 
 
 14
 A state court's finding on whether a defendant made a voluntary decision to proceed with a stipulated facts trial is reviewed de novo. Adams, 968 F.2d at 843.
 
 
 15
 Bollinger claims that his decision to be tried on stipulated facts was not voluntary because his "psychological make-up caused him to silently submit to the proceedings despite his wish to testify on his own behalf and cross-examine the complaining witnesses." The record, however, does not support this claim. Bollinger's attorney testified by affidavit at the post-conviction hearing that he discussed the following with his client: (a) Bollinger had admitted to the police that he engaged in sodomy with the victim; (b) the prosecutor planned to file additional charges of sexual abuse relating to the same victim and two other individuals who accused him of sexual contact; and (c) Bollinger had been shown to be deceptive on two polygraph tests. Bollinger's attorney stated that he explained to his client that if he went to trial, he would be found guilty of the sodomy charges and most likely any other charges involving the victim. Bollinger's attorney also stated that he was unwilling to allow him to plead guilty to a charge that Bollinger was unwilling to admit, even though such an action could be to his advantage at sentencing. Thus, the record shows that Bollinger and his attorney weighed the costs and benefits of a stipulated facts trial procedure before appearing in court. Moreover, Bollinger admitted at his trial that he had not been threatened, nor did he receive promises to induce him to proceed with a stipulated trial. Therefore, Bollinger's decision to be tried on stipulated facts was his voluntary choice. See id.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3